**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ESTATE OF ELEANOR E. WILDHABER, et al., | Case No. 2:10-cv-00015-RLH-PAL |
| Plaintiffs, | **ORDER** |
| vs. | |
| LIFE CARE CENTERS OF AMERICA, INC., et al., | (Mtn to Quash - Dkt. #35) (Mtn for PO - Dkt. #37) |
| Defendants. | |

This matter is before the court on Defendant Life Care Centers of America, Inc.'s Emergency Motion to Quash (Dkt. #35) and Motion for Protective Order Regarding Plaintiff's Overrreaching Discovery (Dkt. #37) filed September 22, 2011. The Motion was filed as one document, but because two forms of relief are requested, the Clerk's Office docketed it as two entries. The court has considered the Motion, Plaintiffs Estate of Eleanor E. Wildhaber's and Greg Halbrook's Opposition (Dkt. #36), filed September 23, 2011, and Defendant's Reply (Dkt. #38), filed October 3, 2011.

The Complaint in this case was filed in state court and removed (Dkt. #1) on January 7, 2010. It involves a wrongful death and negligence action arising out of the treatment, care and death of decedent Eleanor Wildhaber. The decedent was admitted to Defendant Life Care Center of Las Vegas on December 12, 2008 for treatment after suffering a stroke in November 2008 and remained there until her admission to MountainView Hospital on December 29, 2008. Plaintiffs allege that she died on December 30, 2008 at MountainView Hospital as a result of injuries and damages she suffered because of the negligence of Defendant. The Plaintiffs have also asserted claims for abuse and neglect, and battery.

On August 30, 2010, District Judge Hunt approved the parties' stipulation to stay this case pending private binding arbitration.  *See* Order (Dkt. #33).

This motion involves a discovery dispute which developed after the parties stipulation to stay pending private binding arbitration was approved.  On September 15, 2011, Plaintiffs served Defendant with a subpoena and notice of deposition for the custodian of records of the Nevada Department of Health and Human Services ("NDHHS") seeking "[a]ny and all applications and/or re-applications for licensure in Nevada regarding Life Centers of America, Inc. and the insurance requirements pursuant to NAC 449.74411(3)" to be produced on or before September 22, 2011.  Defense counsel objected to the subpoena on the grounds that it: (a) sought the production of irrelevant records; (b) was overly broad in time and scope; and (c) requested financial information the parties had previously agreed not to produce at this stage of the litigation.  As a result, Defendant requested Plaintiffs vacate the subpoena.  The parties engaged in meet and confer efforts, but on September 21, 2011, negotiations failed.

Defendants' motion requests the court quash Plaintiffs' subpoena issued to the NDHHS pursuant to Rule 45(c) of the Federal Rules of Civil Procedure, or alternatively, enter a protective order pursuant to Rule 26(c).  Defendant asserts Plaintiffs are abusing the discovery process to embark on a fishing expedition into the financial affairs of Defendant, a subject matter previously agreed to by the parties as inappropriate at this time.  Defendant contends the subpoena is merely an effort to obtain financial records because each application for licensure must include information about the applicant's financial status.  Additionally, Defendant contends the subpoena is overly broad in time and scope because it seeks all licensure applications from the beginning of Defendant's operations as well as licensure applications from all Defendant's Nevada facilities, not only the one where Ms. Wildhaber received treatment.

Additionally, Defendant requests a protective order be entered pursuant to Rule 26(c) because Plaintiffs' request subjects the NDHHS to an undue burden and annoyance in seeking any and all applications and re-applications without a time limit.  Further, Defendant contends the request is also overly broad because, pursuant to NAC 449.0011, it seeks disclosure of information that would encompass the "financial status and business activities and associations in and out of [Nevada] during the immediately preceding 3-year period."  Finally, Defendant asserts that the parties have already

agreed Plaintiff would not inquire into financial information unless and until the arbitration panel makes a finding that Plaintiff is entitled to punitive damages, and no such finding has been made.

In response, Plaintiffs assert that Defendant's motion should be denied because this matter is in private binding arbitration. Plaintiffs note that everything in this case was done through the arbitrators–status conferences have been held, discovery end dates were ordered, and a date for the private binding arbitration was selected. By filing this motion, Defendant is forum shopping because it is dissatisfied with the arbitrators' rulings. For example, in August, 2011, a dispute arose concerning Defendant's insurance coverage, which resulted in the arbitrators entering an order allowing Plaintiffs to conduct a Rule 30(b)(6) deposition and directing Defendant to produce a second insurance policy. Defense counsel then produced a third policy to Plaintiffs' counsel. In an attempt to figure out which insurance policy applied to this case, Plaintiffs scheduled the deposition of the NDHHS Bureau of Health Care Quality and Compliance. The parties then disputed the scope of the subpoena, and eventually, Plaintiff agreed to amended the subpoena, and then the parties disputed again, and Defendant filed this motion. Plaintiff did not file this motion with the arbitrators. Plaintiffs contend Defendants cannot agree to binding arbitration, use that forum for some discovery matters, and then return to the court when one loses certain discovery disputes. On the merits, Plaintiffs contend the insurance policies should have been disclosed pursuant to Rule 26. Moreover, the subpoena seeks non-confidential information that is relevant to this case. Plaintiffs request the court deny Defendant's motion and award Plaintiffs attorney's fees and costs associated with responding to the motion.

The court finds that the district judge referred this case to binding arbitration for all matters, including discovery, at the parties' request. *See* Order, Dkt. #33. This case has also been stayed at the parties' request. *Id.* Therefore, this court is not the appropriate forum for Defendant's motion, and the court will not intervene in the arbitration proceedings. Counsel for Defendant should not have filed this motion in this court. Having stipulated to binding arbitration and a stay of the case, all disputes should be submitted to the arbitrators for decision.

///

///

///

Accordingly,

**IT IS ORDERED** that Defendant's Emergency Motion to Quash and Motion for Protective Order Regarding Plaintiff's Overreaching Discovery (Dkt. ##35, 37) is DENIED.

Dated this 4th day of October, 2011.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE