**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ESTATE OF ELEANOR E. WILDHABER, et al., ) <br> ) <br>                      Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> LIFE CARE CENTERS OF AMERICA, INC., ) <br> ) <br>                      Defendant. ) <br>_____) | Case No. 2:10-cv-00015-RLH-PAL <br><br> **ORDER** |

      This matter is before the court on Defendant Life Care Centers of America, Inc.'s Objection to Plaintiff's Subpoena Duces Tecum to Produce Documents, Information or Objects or to Permit Inspection of Premises (Dkt. #41) filed March 1, 2012.  No response to the Objection was filed, and the time for filing one has now run.

      The Complaint in this case was filed in state court and removed (Dkt. #1) on January 7, 2010.  It involves a wrongful death and negligence action arising out of the treatment, care, and death of decedent Eleanor Wildhaber.  The decedent was admitted to Defendant Life Care Center of Las Vegas on December 12, 2008, for treatment after suffering a stroke in November 2008 and remained there until her admission to MountainView Hospital on December 29, 2008.  Plaintiffs allege that Ms. Wildhaber died on December 30, 2008, at MountainView Hospital as a result of injuries and damages she suffered because of the negligence of Defendant.  Plaintiffs have also asserted claims for abuse and neglect, and battery.  On August 30, 2010, District Judge Hunt approved the parties' stipulation to stay this case pending private binding arbitration.  *See* Order (Dkt. #33).

      Defendant objects to Plaintiffs' subpoena duces tecum requiring it to produce medical records of the decedent, Eleanor E. Wildhaber.  Although Defendant claims the subpoena is attached as Exhibit A, it appears that the first page containing Plaintiffs' request was inadvertently not attached.  Defendant asserts Plaintiff's subpoena is untimely because discovery closed on November 24, 2011, and Plaintiff

served the subpoena on defense counsel on March 1, 2012.  *See* Acceptance of Service attached to Objection as Exhibit B.  Defendant also contends the subpoena seeks irrelevant documents because the parties are only litigating the issue of punitive damages.

As the court set forth in its previous Order (Dkt. #39) denying Defendant's Emergency Motions to Quash and for Protective Order (Dkt. ##35, 37), the district judge referred this case to binding arbitration for all matters, including discovery, at the parties' request.  *See* Order (Dkt. #33).  Moreover, this case is stayed at the parties' request.  *Id.*  The court is not the proper forum for raising objections to subpoenas.  The court will not intervene in the arbitration proceedings.  Having stipulated to binding arbitration and a stay of the case, all disputes should be submitted to the arbitrators for decision.

Dated this 13th day of April, 2012.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

2