UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ESTATE OF ELEANOR E. WILDHABER, by and through its Special Administrator, Greg Halbrook; and GREG HALBROOK, individually,<br><br>                                      Plaintiffs,<br><br>          v.<br><br>LIFE CARE CENTERS OF AMERICA, INC., a Tennessee corporation, d/b/a Life Care Center of Las Vegas; DOE STAFF MEBMERS; ROE CORPORATIONS I through X, inclusive; and DOES I through X, inclusive,<br><br>                                      Defendants. | Case No. 2:10-cv-00015-MMD-PAL<br><br>ORDER<br><br>(Plf.'s Application for Confirmation of Private Binding Arbitration Award and Entry of Judgment – dkt. no. 44; Def.'s Motion to Vacate and Modify Arbitration Award – dkt. no. 50). |

I.    SUMMARY

        Before the Court are Plaintiffs Estate of Eleanor E. Wildhaber and Greg Halbrook's  Application for Confirmation of Private Binding Arbitration Award and Entry of Judgment (dkt. no. 44), as well as Defendant Life Care Centers of America, Inc.'s Motion to Vacate and Modify Arbitration Award (dkt. no. 50).  For reasons discussed below, the Motion to Vacate is denied, and the Court confirms the arbitral award.

II.    BACKGROUND

        This is a wrongful death, elder abuse, and elder neglect action arising out of the tragic death of Eleanor E. Wildhaber while in the care of Defendant Life Care Centers of America ("Defendant").  In lieu of proceeding in this Court, the parties stipulated to

1    Binding Private Arbitration.  The Arbitration Panel (the "Panel") found that Defendant was

2    liable for elder neglect, elder abuse, and wrongful death and awarded compensatory and

3    punitive damages totaling more than 4.5 million dollars.[1]

4        Plaintiffs now seek confirmation of the arbitration award and an executable

5    judgment against Defendant.  Defendant responded to the application for confirmation

6    by arguing certain terms of the arbitral award were improperly decided by the Panel and

7    moved to vacate or modify those related parts.

8    **III.    DISCUSSION**

9        **A.    Legal Standard**

10       Upon application for confirmation of an arbitration award, "the court must grant

11   such an order unless the award is vacated, modified, or corrected."  9 U.S.C. § 9.  "The

12   Federal Arbitration Act, 9 U.S.C. §§ 1–16, enumerates limited grounds on which a

13   federal court may vacate, modify, or correct an arbitral award.  Neither erroneous legal

14   conclusions nor unsubstantiated factual findings justify federal court review of an arbitral

15   award."  *Kyocera Corp. v. Prudential–Bache Trade Serv. Inc.*, 341 F.3d 987, 994 (9th

16   Cir. 2003).  "Vacatur is appropriate when arbitrators so exceed their powers, or

17   imperfectly execute them that they demonstrate a "manifest disregard of the law."  9

18   U.S.C. § 10(a)(4); *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 942 (1995).

19   "Manifest disregard of the law" is more than an error in interpretation or application of the

20   law, but rather occurs when it is "clear from the record that the arbitrators recognized the

21

22   [1]The breakdown of the damages is as follows:
     1. Plaintiff Greg Halbrook
23           (a) Pain and Suffering of Eleanor Wildhaber: $750,000.00
             (b) Grief and Sorrow Past: $750,000.00
24           (c) Grief and Sorrow Future: $750,000.00
     2. Estate of Eleanor Wildhaber
25           (a) Funeral Expenses: $7,290.58
             (b) Medical Expenses: $14,054.00
26   3. Neglect Per NRS 41.1395 (double damages): $771,344.58
     4. Punitive Damages: $300,000.00
27   5. Attorney's Fees (Abuse Per NRS 41.1395): $760,672.29
     6. Costs (Abuse Per NRS 41.1395): $47,715.49
28   7. Pre-judgment Interest: $379,014.15
             TOTAL DAMAGES AWARDED: $4,530,091.00

1   applicable law and then ignored it." *Mich. Mut. Ins. Co. v. Unigard Sec. Ins. Co.*, 44 F.3d
2   826, 832 (9th Cir.1995). Modification is appropriate when an evident mistake in
3   description or miscalculation of figures, a decision beyond that which was submitted to
4   the arbitrators, or an imperfection in the form of the award not affecting the merits
5   hinders the intent of the award or justice between the parties. *See* 9 U.S.C. § 11. Thus,
6   although a court may vacate or revise blatant facial errors, it is not authorized to review
7   the merits of an arbitration decision. *See Biller v. Toyota Motor Corp.*, 668 F.3d 655 (9th
8   Cir. 2012).

9       **B.    Analysis**

10      Defendant asserts that the Arbitration Panel erred in awarding four provisions of
11  the arbitral award. Defendant asserts that the Court should (1) vacate the Panel's
12  awards for pain and suffering damages in the amount of $750,000 and the resulting
13  statutory double damages in the partial amount of $750,000, (2) vacate the prejudgment
14  interest on attorneys' fees, (3) vacate prejudgment interest on the statutory penalty, and
15  (4) reduce the amount of prejudgment interest on Mr. Halbrook's award for past grief and
16  sorrow.

17      First, Defendant argues that the $750,000 award to Ms. Wildhaber's estate for her
18  pain and suffering is excessive, punitive, and contrary to Nevada law. Defendant further
19  argues that, as a result of the excessive pain and suffering damages, the statutory
20  double damages based on that figure is also improper. Defendant bases its argument
21  on the fact that Ms. Wildhaber was in improving and relatively good health for the
22  majority of her stay at Defendant's facility and therefore was not suffering. Further,
23  because her death was sudden, she could not have suffered that much for that long.
24  Thus, $750,000 in pain and suffering damages is unreasonable given the circumstances,
25  and contrary to Nevada law.

26      This insensitive argument necessarily fails. "A district court may not vacate an
27  arbitration award simply because the court disagrees with its size." *Lagstein v. Certain*
28  *Underwriters at Lloyd's, London*, 607 F.3d 634, 639 (9th Cir. 2010). Any determination

1  about the size of an award inherently involves an analysis of the cases merits, which is

2  improper.  *Id.*  Here, to assess the propriety of the amount of damages, the Court would

3  be required to look at evidence regarding the circumstances of Ms. Wildhaber's death as

4  well as the circumstances giving rise to the elder abuse and neglect claims (something

5  that Defendant's argument attempts to gloss over).  Such a review of the merits of the

6  arbitrators' decision is not authorized.  Thus, vacatur of the arbitral award for Ms.

7  Wildhaber's pain and suffering or the statutory double damages is improper.

8        Second, Defendant argues that the arbitration panel manifestly disregarded the

9  law when they awarded prejudgment interest on attorneys' fees as those are not

10 prejudgment damages, but rather, post-judgment fees.   Defendant recognizes that

11 courts may impose prejudgment interest on attorneys' fees "when attorney fees are

12 awarded as an element of damages."  *Albios v. Horizon Communities, Inc.*, 132 P.3d

13 1022, 1036 (Nev. 2006).  However, Defendant argues that under NRS 41.1395 – the

14 statute authorizing attorneys' fees in this case – attorneys' fees are not an element of

15 damages, and thus prejudgment interest is improper.  Furthermore, Defendant argues

16 that it presented this argument to the arbitrary panel, and by not adopting the argument,

17 the panel manifestly disregarded well-settled law.

18       The Court does not agree that this particular point of law is well-settled.  In fact,

19 Defendant has not presented, and the Court cannot find, a single authority directly

20 addressing the award of prejudgment interest for attorneys' fees awarded under NRS

21 41.1395.  The unsettled nature of the law shows that the Panel's rejection of Defendant's

22 interpretation does not show that the Panel recognized and then ignored applicable law.

23 Thus, there was no manifest disregard for the law and vacatur is improper.

24       Third, Defendant argues that the Panel manifestly disregarded the law by

25 awarding prejudgment interest on the statutory double damages because those

26 damages are penal and not compensatory in nature.  Again, the law here is not as

27 simple as Defendant's conceptualization of it.  Although prejudgment interest is improper

28 on punitive damages, *Ramada Inns, Inc. v. Sharp*, 711 P.2d 1, 2 (Nev. 1985), double

1   and treble damages are not necessarily punitive, *see Webb v. Shull*, 270 P.3d 1266,

2   1270 (Nev. 2012).  Nevada courts have recognized that double and treble damages can,

3   at times, be completely remedial and that determination is driven by analyzing the

4   statute authorizing the damages.  *See id.* at 1271.

5          Defendant has presented no authority defining the double damages in NRS

6   41.1395 as purely punitive.  When there is no law clearly on point, the Panel could not

7   have recognized and ignored applicable law.   As with its arguments regarding

8   prejudgment interest on punitive damages, Defendant had the opportunity to present its

9   arguments to the Panel and the Panel did not accept Defendant's interpretation.  This is

10  not a manifest disregard for the law; vacatur is improper.

11         Finally, Defendant argues that the prejudgment interest awarded on Mr.

12  Halbrook's past grief and sorrow damages should be modified because the Panel

13  ignored the parties' stipulated division of Mr. Halbrook's past and future damages.  The

14  Panel initially awarded $1.5 million in total grief and sorrow damages and asked for

15  briefing regarding how to divide the amount between past and future damages.

16  Defendant asserts that the parties had stipulated to dividing the total damages for grief

17  and sorrow into 25% for past damages and 75% for future damages.  Consequently,

18  awarding prejudgment interest on 50% is a miscalculation of figures resulting in

19  excessive prejudgment interest.  However, the "stipulation" to which Defendant cites

20  (*see* dkt. no. 49, Ex. 5) is actually a request by Plaintiffs that the Panel increase the past

21  damages percentage.  This request was not a stipulation between the parties of what the

22  proper split was and it was not binding on the Panel.  Consequently, the Panel's

23  determination to split the past and future damages evenly was not a miscalculation and

24  did not exceed the scope of the parties' agreement.  Thus, modification is improper.

25  ///

26  ///

27  ///

28  ///

III.    **CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiffs' Application for Confirmation of Private Binding Arbitration Award and Entry of Judgment (dkt. no. 44) is GRANTED. Plaintiff shall file a proposed final judgment within ten (10) days from the date of this Order.

IT IS FURTHER ORDERED that Defendant's Motion to Vacate and Modify Arbitration Award (dkt. no. 50) is DENIED.

DATED THIS 23rd day of October 2012.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE